# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DYLAN KROHN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2722-S |
| | § | |
| SPECTRUM GULF COAST, LLC and | § | |
| CHARTER COMMUNICATIONS, | § | |
| LLC | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff's Motion to Amend Judgment [ECF No. 32]. For the following reasons, the Court denies the Motion.

### I. BACKGROUND

On September 19, 2019, the Court granted in part and denied in part Defendant Charter Communications, LLC's ("Charter") Motion to Compel Arbitration and Dismiss Plaintiff's Complaint ("Order"). *See* ECF No. 31. Specifically, the Court compelled Plaintiff's claims against Charter to arbitration, and dismissed those claims with prejudice. *See id.* at 7. On October 17, 2019, Plaintiff filed his Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), which is now fully briefed before this Court.[1]

### II. ANALYSIS

Pursuant to Federal Rule of Civil Procedure 59(e), "'[m]otions . . . to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"[2] *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Fed. Deposit Ins. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). "'Manifest error' is one that 'is

---

[1] Charter filed a response to Plaintiff's Motion on November 7, 2019 [ECF No. 33]. Plaintiff did not file a reply.

[2] Plaintiff does not present any newly discovered evidence. This Order, therefore, addresses only whether the Court committed a manifest error of law or fact.

plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). "District courts have 'considerable discretion in deciding whether to grant or deny a motion to alter a judgment.'" *Du Bois v. King*, Civ. A. No. 3:17-CV-2668-L, 2019 WL 5887270, at *1 (N.D. Tex. Sept. 10, 2019) (quoting *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995)). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Hale*, 45 F.3d at 921 (citation omitted). Accordingly, Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

Plaintiff argues that the Court's dismissal of the claims, rather than abatement of the claims, "was both erroneous and manifestly unjust to Plaintiff" under Fifth Circuit precedent. Mot. 2. The Court disagrees with Plaintiff's interpretation of the controlling precedent. Under *Alford v. Dean Witter Reynolds, Inc.*, the Court is authorized to "dismiss . . . the case when all of the issues raised in the district court must be submitted to arbitration." 975 F.2d 1161, 1164 (5th Cir. 1992) (emphasis omitted). Contrary to Plaintiff's assertions, that standard remains the law of this jurisdiction. *See Elsadig v. Luxottica Retail N. Am., Inc.*, Civ. A. No. 3:16-CV-2055-L, 2017 WL 3234027, at *1 (N.D. Tex. July 31, 2017) (citing *Alford*, 975 F.2d at 1164) ("Having determined that all of the issues raised by the parties must be submitted to binding arbitration, and finding no other reason to retain jurisdiction over this matter, the court, rather than stay and abate this action, will dismiss it with prejudice." (emphasis omitted)); *see also Matos v. AT&T Corp.*, Civ. A. No. 3:18-CV-02591-M-BK, 2019 WL 5191922, at *3 (N.D. Tex. Sept. 9, 2019) (same). The Court properly exercised its discretion to dismiss, rather than stay, Plaintiff's

claims against Charter, *see* Order 7, and "[Rule 59] motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Kirby v. SBC Servs., Inc.*, Civ. A. No. 3:03-CV-3010-L, 2006 WL 154914, at *2 (N.D. Tex. Jan. 20, 2006) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989)). Therefore, Plaintiff's argument is without merit.

### III. CONCLUSION

For the foregoing reasons, Plaintiff fails to clearly establish a manifest error of law or fact on the part of the Court. Accordingly, the Court denies Plaintiff's Motion.

**SO ORDERED.**

SIGNED December __/3__, 2019.

KAREN GREN SCHOLER
**UNITED STATES DISTRICT JUDGE**